**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**DARRYL WHITE,**

*Plaintiff,*

**v.** **CASE NO.: 3:26-cv-00806-TKW-ZCB**

**CITY OF FORT WALTON BEACH,**
**PATRICK MOONEY, AUSTIN HOWARD,**
**RITCHIE RIVERA, and MICHAEL COOK, JR**

*Defendants.*

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF 25]

Defendants City of Fort Walton Beach ("City") and Patrick Mooney ("Mooney"), in his individual capacity, (collectively, "Defendants"), by and through undersigned counsel, pursuant to Rule 8(b) and (c), Federal Rules of Civil Procedure, hereby file their Answers and Defenses to Plaintiff's Second Amended Complaint [**ECF 25**], and state:

## NATURE OF THE ACTION

1. Admitted for jurisdictional purposes only; however, it is denied that Plaintiff is entitled to any relief thereunder.

## PARTIES, JURISDICTION, AND VENUE

2. Denied that White suffered any personal injuries or damages, or

that the Defendants engaged in any wrongful conduct. Without knowledge; therefore, denied as to the remaining allegations and characterizations.

3. Admitted that the City operates Fort Walton Beach Police Department; however, denied as to the remainder and denied that Plaintiff is entitled to any relief thereunder.

4. Admitted that Mooney was a Corporal for Fort Walton Beach Police Department and was acting under the color of state law at all relevant times; however, denied as to the remainder and denied that Plaintiff is entitled to any relief thereunder.

5. Admitted for jurisdictional purposes only; however, it is denied that Plaintiff is entitled to any relief thereunder.

6. Admitted for jurisdictional and venue purposes only; however, it is denied that Plaintiff is entitled to any relief thereunder.

7. Admitted for jurisdictional and venue purposes only; however, it is denied that Plaintiff is entitled to any relief thereunder.

8. Admitted; however, it is denied that Plaintiff is entitled to any relief thereunder.

## RELEVANT NON-PARTIES

9. Admitted.

10. Admitted.

11. Admitted that Officer Cook is now an officer employed by the Fort Walton Beach Police Department; however, Officer Cook at all times relevant to this Complaint, Officer Cook was a cadet with the Fort Walton Beach Police Department.

## STATEMENT OF THE ULTIMATE FACTS

12. Denied.

13. Admitted.

14. Without knowledge; therefore, denied.

15. Admitted insomuch that Mooney conducted a traffic stop on Plaintiff for running a steady red light; however, without knowledge; therefore, denied as to the remainder of the allegations.

16. Admitted insomuch that Plaintiff admitted to running the red light and Mooney issued him a citation for running said red light; however, denied as to the remainder of the allegations and characterizations.

17. Admitted insomuch that Mooney returned Plaintiff's documents to him; however, denied as to the remainder of allegations and characterizations.

18. Denied.

19. Admitted insomuch that Plaintiff made an illegal U-turn; however, denied as to the remainder of the allegations and characterizations.

20. Denied.

21. Denied.

22. Denied.

23. Admitted insomuch that Plaintiff pulled into the parking lot; however, denied as to the remainder of the allegations and characterizations.

24. Admitted insomuch that Mooney previously returned Plaintiff's insurance card to him; however, without knowledge; therefore, denied as to the remainder of the allegations and characterizations.

25. Denied.

26. Denied.

27. Denied.

28. Admitted insomuch that Officer Howard arrived on scene; however, denied as to the remainder of the allegations and characterizations.

29. Admitted to the extent the quotations provided by Plaintiff accurately represent the wording used by Mooney and conveyed in his body worn camera video; however, denied that Plaintiff has completely and accurately described all of Mooney's comments.

30. Denied.

31. Denied.

32. Admitted insomuch that Officer Howard was present; however, denied as to the remainder of the allegations and characterizations.

33. Admitted insomuch that Officer Howard arrived on scene; however, denied as to the remainder of the allegations and characterizations.

34. Denied.

35. Denied.

36. Denied.

37. Admitted insomuch that Officer Rivera arrived on scene; however, denied as to any allegations regarding Officer Cook, and denied as to the remaining allegations and characterizations.

38. Admitted insomuch that Officer Rivera arrived on scene; however, denied as to any allegations regarding Officer Cook, and denied as to the remaining allegations and characterizations.

39. Admitted insomuch that Officers Howard and Rivera arrived on scene after Plaintiff was taken into custody by Mooney; however, denied as to any allegations regarding Officer Cook, and denied as to the remaining allegations and characterizations.

40. Denied.

41. Admitted insomuch that Officer Howard located a bottle of what appeared to be labeled nitroglycerin pills; however, denied as to the remainder of the allegations and characterizations.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Admitted insomuch as Plaintiff's handcuffs were removed, he was patted down, and he was placed in a holding cell; however, denied as to the remaining allegations or characterizations.

47. Admitted insomuch that after Plaintiff was placed into the holding cell, Mooney turned off his body worn camera consistent with policy.

48. Denied.

49. Admitted insomuch that EMS was called; however, denied as to the remainder of the allegations and characterizations.

50. Admitted insomuch that the Fort Walton Beach Fire Department arrived at the police department and provided medical treatment to Plaintiff; however, denied as to the remainder of the allegations and characterizations.

51. Denied.

52. Denied.

53. Denied.

54. Without knowledge; therefore, denied.

55. Without knowledge; therefore, denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied that Mooney has shown ruthless indifference towards the people of Fort Walton Beach. The further allegations and characterizations are denied.

62. Denied.

63. Denied.

64. Denied.

65. Admitted insomuch as videos exist from the encounter.

**COUNT I**
**FALSE ARREST BROUGHT UNDER 42 USC §1983**
**(Against Defendant Mooney in his Individual Capacity)**

66. Defendant Mooney realleges, adopts, incorporates by reference the responses to paragraphs 1 through 65 above as through set forth

verbatim herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**COUNT II**
**COMMON LAW FALSE IMPRISONMENT/ARREST**
***Pendent Claim Brought Pursuant to 28 USC §1367(a)***
**(Against Defendant Mooney in his Individual Capacity)**

75. Defendant Mooney realleges, adopts, incorporates by reference the responses to paragraphs 1 through 65 above as through set forth verbatim herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

**COUNT III**
**COMMON LAW FALSE IMPRISONMENT/ARREST**
***Pendent Claim Brought Pursuant to 28 USC §1367(a)***
**(Against Defendant FWB)**

83. Defendant FWB realleges, adopts, incorporates by reference the responses to paragraphs 1 through 65 above as through set forth verbatim herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

**COUNT IV**
**MALICIOUS PROSECUTION BROUGHT UNDER 42 USC §1983**
**(Against Defendant Mooney in his Individual Capacity)**

90. Defendant Mooney realleges, adopts, incorporates by reference the responses to paragraphs 1 through 65 above as through set forth verbatim herein.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

**COUNT V**
**COMMON LAW MALICIOUS PROSECUTION**
***Pendent Claim Brought Pursuant to 28 USC §1367(a)***
**(Against Defendant Mooney in his Individual Capacity)**

102. Defendant Mooney realleges, adopts, incorporates by reference the responses to paragraphs 1 through 65 above as through set forth verbatim herein.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

**COUNT VI**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**
**BROUGHT UNDER 42 USC §1983**
**(Against Defendant Mooney in his Individual Capacity)**

109. Defendant Mooney realleges, adopts, incorporates by reference the responses to paragraphs 1 through 65 above as through set forth verbatim herein.

110. Admitted as to the language of the referenced statute; however, denied as to any insinuation Mooney is liable for any allegations expressed in this Count.

111. Without knowledge; therefore, denied.

112. Admitted insomuch that Defendant Mooney is a person.

113. Admitted.

114. Admitted insomuch that Plaintiff such rights; however, denied to the extent that any of those rights were violated.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

**COUNT VII**
**NEGLIGENCE**
***Pendent Claim Brought Pursuant to 28 USC §1367(a)***
**(Against Defendant FWB)**

125. Defendant FWB realleges, adopts, incorporates by reference the responses to paragraphs 1 through 65 above as through set forth verbatim herein.

126. Denied.

127. Without knowledge, therefore denied.

128. Denied.

129. Admitted insomuch as Defendant FWB operated and maintained a detention facility at the Fort Walton Beach Police Department; however, denied as to the remainder.

130. Admitted insomuch that Plaintiff was lawfully arrested for reckless driving and transported the Fort Walton Beach Police Department; however, denied as to the remainder of the allegation.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

## DEFENSES

1. Defendant Mooney, in his individual capacity, is immune from liability based upon the doctrine of qualified immunity.

2. All actions taken by Defendant Mooney, in his individual capacity, were made in good faith and were made while he was acting within the course and scope of his employment as a Corporal with the Fort Walton Beach Police Department.

3. The actions of Defendant Mooney, in his individual capacity, were authorized by Florida Statutes and/or were done with a lawful purpose.

4. Defendant Mooney, in his individual capacity, acted in conformity with established, reasonable, and generally accepted police procedure when he took any action concerning the Plaintiff.

5. Any and all actions taken by Defendant Mooney, in his individual capacity, were not contrary to clearly established law of which a reasonable person or officer would have known and be expected to apply in a factually similar context or situation.

6. Defendant Mooney, in his individual capacity, acted at all times in a manner which did not reflect willfulness, wantonness, maliciousness, or deliberate disregard for safety of persons or property. Accordingly, as to any state law claim against Defendant Mooney, Defendant Mooney is immune from liability in accordance with the provisions of Section 768.28(9), Florida Statutes.

7. To the extent that the Plaintiff's Second Amended Complaint asserts a claim against Defendant Mooney based upon an alleged violation of 42 U.S.C. § 1983, the actions of Defendant Mooney can properly be construed as reflecting, at most, nothing worse than mere negligence, and as such cannot form the basis for the imposition of liability against Defendant Mooney under either Federal or State law.

8. Under the facts and circumstances of this case, Plaintiff is not entitled to an award of punitive damages against Defendant Mooney.

9. To the extent that Plaintiff could have mitigated the amount of damages allegedly suffered and failed to do so, any damages awarded to Plaintiff must be barred, set off, and/or reduced accordingly by wages, commission, compensation, pay, benefits, and all other earnings or remunerations, profits and benefits regardless of form received by Plaintiff or which were earnable or receivable with reasonable diligence.

10. To the extent, if any, that the Plaintiff has been the recipient of any recovery from collateral sources, Defendants Mooney and City are entitled to a set-off from any damages awarded from those payments from collateral sources.

11. Plaintiff did not suffer a constitutional deprivation.

12. Plaintiff failed to state a cause of action for deliberate indifference against Defendant Mooney, in his individual capacity, because Plaintiff was provided medical care.

13. The conduct of Defendant Mooney was not the proximate cause of any injury to the Plaintiff.

14. The City was not the proximate cause of any injury to the Plaintiff.

15. Probable cause existed to arrest Plaintiff. Specifically, Defendant Mooney had probable cause to arrest Plaintiff. Probable cause is a complete defense to the claims of false arrest.

16. An imperfect criminal investigation is not a sufficient basis for recovery in an action for false arrest.

17. Any and all damages and/or injuries sustained by the Plaintiff were caused by the unlawful conduct of the Plaintiff.

18. Defendant City would assert that it is relying upon the presumption that the exercise of police power was for the purpose of

protecting the public health, safety, and/or welfare and is otherwise presumed to be for the purpose of preventing harm. Such rebuttable presumption requires proof to the contrary by clear and convincing evidence pursuant to Section 11.066(2), Florida Statutes.

19. To the extent that Plaintiff is alleging, and a finding is ultimately made by this court, that Defendant Mooney, or any other employee of the City, was acting outside the course and scope of his duties and acted in a willful, wanton, or malicious manner, or in bad faith, Defendant City is not liable for any action made by any employee of the City, pursuant to Florida Statute 768.28(9).

20. To the extent Plaintiff is attempting to allege the actions of the City were discretionary in nature and/or involved planning level activities, the Defendant City cannot be subject to liability or an action for damages under provisions of § 768.28, F.S.

21. As to the state law claims against Defendant City, the City is entitled to the protections of Fla. Stat. § 768.28, including, but not limited to limits of liability and caps on damages, and the prohibition on the recovery of prejudgment interest.

22. Defendant City is entitled to sovereign immunity from any state law tort claims pursuant to Fla. Stat. § 768.28(9).

23. Plaintiff cannot establish that any acts or omissions attributed to Defendant Mooney rise to the level of behavior required to impose individual liability against them under §768.28(9), Fla. Stat.

24. The Plaintiff is wholly responsible for any injuries and damages claimed against the Defendants in this suit.

25. The Plaintiff being wholly responsible for his own injuries is thus not entitled to any compensation pursuant to Fla. Stat. §768.81(6).

26. Defendant Mooney did not breach any duty owed to Plaintiff.

27. Defendant City did not breach any duty owed to Plaintiff.

28. Plaintiff fails to establish, concurrently, all six elements of malicious prosecution.

29. Plaintiff's claims against the Defendants are not supported by law or fact and are frivolous and vexatious.

## DEMAND FOR JURY TRIAL

Defendants, City of Fort Walton Beach and Patrick Mooney, in his individual capacity, hereby demand trial by jury on all issues so triable.

Respectfully submitted this 2nd day of September 2026.

WARNER LAW FIRM, P. A.
***/s/ Alyssa M. Yarbrough***
ALYSSA M. YARBROUGH
Florida Bar No.: 0103407
WILLIAM G. WARNER
Florida Bar No. 0346829
501 West 11th Street, Suite A
Panama City, Florida 32401
Phone No. (850) 784-7772
pleadings@warnerlaw.us
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed on September 2, 2026 via CM/ECF, which will serve all counsel of record:

RYAN J. ANDREWS
DAVID A. WEISZ
**ANDREWS LAW FIRM**
822 North Monroe Street, Tallahassee, Florida 32303
**T:** (850) 681-6416 **| F:** (850) 681-6984
ryan@andrewslaw.com
david@andrewslaw.com
service@andrewslaw.com
*Counsel for Plaintiff*

***/s/ Alyssa M. Yarbrough***
ALYSSA M. YARBROUGH
Florida Bar No.: 0103407