**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**DARRYL WHITE,**

**Plaintiff,**

**v.** **CASE No. 3:26-cv-00806-TKW-ZCB**

**CITY OF FORT WALTON BEACH,**
**PATRICK MOONEY,**

**Defendants.**
_______________________________________/

**PLAINTIFF'S CONSENTED MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND DEADLINES**

Plaintiff, DARRYL WHITE, by and through the undersigned counsel and pursuant to Rules 6(b) and 16(b)(4), Fed R. Civ. P., and Rules 6.1 and 7.1(B), N.D. Fla. Loc. R., moves this Court to enter an Order allowing an extension of the pretrial deadlines set forth in the Court's Final Scheduling Order [Doc. No. 18] entered on May 7, 2026, and in support thereof, states as follows:

1. Currently, the pre-trial deadlines are as follows:

| **Event** | **Completion Deadline** |
|---|---|
| Plaintiff's Deadline for Expert Disclosures | October 21, 2026 |
| Defendants' Deadline for Rebuttal Experts | November 5, 2026 |
| Defendants' Deadline for Expert Disclosures | November 20, 2026 |
| Plaintiff's Deadline for Rebuttal Experts | December 5, 2026 |

| | |
|---|---|
| Parties' Deadline to File Supplemental Disclosures | December 22, 2026 |
| Discovery Deadline | January 19, 2027 |
| Mediation Deadline | February 2, 2027 |
| Deadline to File Dispositive and Daubert Motions | February 9, 2027 |

2. The undersigned counsel has recently encountered unanticipated staffing limitations. One of the attorneys assigned to this matter has been out of the office following the death of a family member, and another member of the support staff working on this matter is on paternity leave. The combined absences have materially reduced the firm's capacity to complete the remaining pre-trial work within the current deadlines.

3. Both Parties have been actively litigating this matter and continue to conduct discovery. The parties have been engaged in written discovery, with both Parties having served and responded to interrogatories, requests for production, and requests for admission. At this juncture, the Parties are in the process of reviewing the responsive documentation exchanged, the responses to interrogatories and requests for admissions, and are evaluating the necessity of meeting for conferral on any issues related to the documents produced or the answers provided.

4. Additional discovery will need to be conducted by both sides. Plaintiff intends to take depositions for individuals including the individual Defendant in this action, Patrick Mooney, and the corporate representative(s) of Defendant City of Fort

Walton Beach. Furthermore, Plaintiff intends to depose Plaintiff's treating physicians and potentially other first responders, officers, or medical staff who were present at the City of Fort Walton Beach Police Department or HCA Florida Fort Walton-Destin Hospital during the events described in the Operative Second Amended Complaint [Doc. 25].

5. Plaintiff anticipates completing the deposition of Defendant Mooney by December 18, 2026, the deposition(s) of the City's corporate representative(s) by January 29, 2027, and the depositions of Plaintiff's treating physicians and remaining witnesses by March 31, 2027, with all discovery completed by the proposed April 19, 2027 deadline.

6. Plaintiff intends to provide Defendants with selected topics sufficient for identifying the appropriate corporate representative(s) in the coming days, as well as coordinating with Defendants additional deposition scheduling for multiple police officers for the several months ahead.

7. Defendants have represented that they intend to depose numerous individuals as well, including the Plaintiff and Plaintiff's treating physicians before discovery is completed. The extent of how many individuals Defendant will depose is still uncertain at this time as Defendants continue to review responses it has received from third-party subpoenas directed to Plaintiff's treating physicians and medical providers.

8. Indeed, like the Plaintiff, Defendants intend to schedule multiple depositions in the coming months.

9. Additionally, the Parties have agreed to engage in settlement negotiations and to mediate well in advance of the scheduling deadlines. Plaintiff believes that these steps will be fruitful in reaching a complete resolution of this matter and alleviating the Court and the Parties of the inherent, substantial costs associated with the continued litigation of this matter, including but not limited to continuing to complete discovery, undergoing trial preparation, and trial itself.

10. To that end, Plaintiff respectfully requests through this motion, that the Court extend these eight (8) pretrial deadlines by approximately three (3) months, making the new pretrial deadlines as follows:

| **Event** | **Completion Deadline** |
|---|---|
| Plaintiff's Deadline for Expert Disclosures | January 21, 2027 |
| Defendants' Deadline for Rebuttal Experts | February 5, 2027 |
| Defendants' Deadline for Expert Disclosures | February 22, 2027 |
| Plaintiff's Deadline for Rebuttal Experts | March 9, 2027 |
| Parties' Deadline to File Supplemental Disclosures | March 22, 2027 |
| Discovery Deadline | April 19, 2027 |
| Mediation Deadline | May 3, 2027 |
| Deadline to File Dispositive and Daubert Motions | May 10, 2027 |

11. Plaintiff acknowledges and recognizes that the Court has not yet set this matter for trial. The Report of the Parties' Planning Meeting [Doc. No. 17] estimated that the matter would be ready for trial during the March 2027 trial period, but that estimate has not yet been adopted by the Court. Plaintiff nonetheless recognizes that by operation of granting this Motion, that estimate would necessarily be extended to correspond with the deadline extensions requested in this Motion.

12. This motion is not made for purposes of delay. Indeed, Plaintiff (as well as Defendants) remain committed to diligently completing discovery while simultaneously pursuing settlement efforts that may resolve this matter in its entirety.

13. Pursuant to Rule 7.1(B) of the Local Rules of this Court, the undersigned counsel has conferred with Defendants' counsel about the relief requested in this motion, and Defendants' counsel consents to the relief sought in this motion.

WHEREFORE, Plaintiff respectfully requests this Court to issue an Order granting the relief sought in this Motion and/or granting any other relief deemed just and proper.

Respectfully submitted,

**ANDREWS LAW FIRM**
822 North Monroe Street
Tallahassee, Florida 32303
**T:** (850) 681-6416 | **F:** (850) 681-6984

***/s/ George E. McCann***
GEORGE E. MCCANN (FBN 1072064)
RYAN J. ANDREWS (FBN 104703)
DAVID A. WEISZ (FBN 1023229)
george@andrewslaw.com
ryan@andrewslaw.com
david@andrewslaw.com
service@andrewslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF RULE 7.1(F) COMPLIANCE

In compliance with Local Rule 7.1(F) for the United States District Court of the Northern District of Florida, this motion contain 883 words.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served through the CM/ECF portal, which will serve all counsel of record, on this 21st day of October, 2026.

Alyssa M. Yarbrough (FBN 103407)
William G. Warner (FBN 0346829)
**WARNER LAW FIRM, P.A.**
501 W. 11th Street, Suite A
Panama City, FL 32401
Phone No. (850) 784-7772
pleadings@warnerlaw.us

***/s/ George E. McCann***
GEORGE E. MCCANN